```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

IN RE: MADHU VERMA              :
_____
                                :
MADHU VERMA, et al.
     Appellants                 :

          v.                    :    Civil Action No. DKC 22-0452

JACQUES FRANCIS, et al.         :
     Appellees
```

**MEMORANDUM OPINION**

In this long-running property dispute and bankruptcy case, Appellants Madhu Verma, Ravi Gogna, and Kamal Mustafa appeal the Bankruptcy Court's dismissal and remand to state court of their adversary proceeding. (ECF No. 6). The history of this case has been summarized in a previous opinion by this court as follows:

> The real property at the center of this dispute is located in Boyds, Maryland. Ms. Verma's husband, Ravi Gogna, bought the property in January 2006 with the benefit of a secured loan from TBI Mortgage Co. . . . Financial difficulties followed, and by 2010, Mr. Gogna was defending a foreclosure action in the Circuit Court for Montgomery County. . . . A foreclosure sale ensued on May 30, 2012. On June 5, 2012, the substitute trustees filed a "Report of Sale" stating that they sold the property on May 30, 2012 to Deutsche Bank National Trust Company ("Deutsche Bank")[.] . . . The circuit court judge ratified the foreclosure sale a few months later, on November 8, 2013. Ms. Verma filed a petition for Chapter 13 bankruptcy relief on March 4, 2018. . . . In taking this step, Ms. Verma availed herself of the various protections federal bankruptcy law accords debtors. These include an automatic stay

> against most collection activities, a form of statutory protection that generally prevents creditors from collecting debts or foreclosing on property. See 11 U.S.C. § 362(a).

*Verma v. Deutsche Bank Trust Co.*, No. 18-cv-3772-PWG, 2019 WL 3975458, at *1 (D.Md. Aug. 22, 2019).

On November 5, 2018, the United States Bankruptcy Court for the District of Maryland granted Deutsche Bank's motion to terminate the automatic stay as to the Boyds, Maryland property. *Id.* at *2. Ms. Verma appealed the Bankruptcy Court's ruling, and this court affirmed. *Id.* at *4. An appeal to the Fourth Circuit yielded the same result. *Verma v. Deutsche Bank Trust Co.*, 813 Fed.Appx. 150, 151 (4th Cir. 2020) (per curium). In May 2021, Deutsche Bank sold the property to Appellees Jacques Francis and Nadia Allen (the "Owners"). (ECF No. 3 at 3-4).

On June 14, 2021, the Owners filed a wrongful detainer action against Appellants in the District Court of Maryland for Montgomery County, Case No. 06-01-0007183-2021. (*Id.* at 4). The state court held a trial on November 17, 2021, at which the court entered judgment against Appellants. (ECF No. 4-14 at 3). The court ordered a Warrant of Restitution on November 30, 2021. (*Id.* at 7).

On January 7, 2022, Appellants removed the wrongful detainer action from state court to the Bankruptcy Court. (ECF No. 6-1 at 6). The Bankruptcy Court held a hearing on February 17, 2022, and

2

dismissed the case on February 18, 2022, leading to remand to state court. (*Id.* at 5). Although Appellants have not furnished a transcript of the hearing held on February 17, the docket for that hearing reads, "Removal improper and matter to be remanded to state court." The undersigned has listened to the recording of that hearing, and the Bankruptcy Judge found that removal was improper and likely for an improper purpose. The Bankruptcy Court subsequently issued an "Order Dismissing Adversary Proceeding for Want of Prosecution," stating that Appellants had failed to timely file all required documents. (ECF No. 1-2). On March 18, 2022, the Bankruptcy Court dismissed the bankruptcy case for cause, based on Ms. Verma's "lack of good faith and abuse of process," and imposed a two-year bar to refiling. (ECF No. 3 at 5-6).

The issue before this court is whether the Bankruptcy Court properly dismissed the adversary proceeding and remanded the case to the state court. The Bankruptcy Court's ruling was undoubtedly correct, for several reasons. A defendant may remove a case to federal court by filing a notice of removal within 30 days of receiving the complaint, with certain exceptions. 28 U.S.C. § 1446(b). This removal was certainly past that 30-day limit, and it is unclear under what exception this case could fall.

There is also no valid basis for removal. A case may be removed to federal court if this court would have original jurisdiction over it, such as based on diversity of citizenship or

3

federal question jurisdiction. 28 U.S.C. § 1441. The notice of removal cites to 28 U.S.C. § 1334, which gives district courts original jurisdiction over Title 11 bankruptcy proceedings. The wrongful detainer action in state court is not a bankruptcy proceeding arising under Title 11 of the United States Code, it does not present a federal question, and it is not between parties of diverse citizenship. Indeed, all the parties are Maryland citizens. A litigant may not remove a state action to federal court merely because the litigant thinks the state court has done something wrong or exercised jurisdiction incorrectly.

The notice of removal does not state a basis for removal, other than "violation of Bankruptcy Code." (ECF No. 6-5). A month after removal, Appellants filed a "Complaint to Recover Damages and Property" with the Bankruptcy Court, which contains reasons Appellants believe the state court erred but still no basis for removal. (ECF No. 4-12). Construing Appellants' filings liberally, Appellants seem to be relying on Ms. Verma's bankruptcy case as a basis for removal. It is true that 28 U.S.C. § 1334 allows for removal of civil cases "related to" Title 11 bankruptcy proceedings. 28 U.S.C. § 1334(b). As relevant here, "related to" means that "the outcome of [the civil proceeding] could conceivably have any effect on the estate being administered in bankruptcy." *See Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995)

4

(internal quotation marks and italics omitted); *see also A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1002 n.11 (4th Cir. 1986).

In this case, the Bankruptcy Court, as affirmed by this court and the Fourth Circuit, already determined that Ms. Verma's equitable and legal title to the property was extinguished prior to the filing of her bankruptcy petition and accordingly lifted the sale on the foreclosure of that property while the bankruptcy proceedings were still pending.  (ECF No. 3 at 2).  Therefore, there is no way the outcome of the wrongful detainer action could have any effect on the estate being administered in bankruptcy.

Additionally, although Appellants assert that they "filed the required documents" with the Bankruptcy Court, it is unclear that they did so.  Appellants provided this court with the documents they purportedly filed with the Bankruptcy Court, but the state court complaint that they wanted to remove is not among them.  It should have been filed along with the notice of removal. 28 U.S.C. § 1446(a).

For the foregoing reasons, the Bankruptcy Court's dismissal and remand of the case will be affirmed.[1]  A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge

---

[1] Also pending is Appellants' motion for default judgment. (ECF No. 7).  That motion will be denied.